UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE A MOODY,

    Plaintiff,                                     No. C 13-5098 PJH

    v.                                            **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

METAL SUPERMARKET FRANCHISING AMERICA, INC.,

    Defendant.

_____/

    Before the court is plaintiff's "ex parte application for temporary restraining order and order to show cause re: preliminary injunction," filed on November 7, 2013. Though the request is styled as an "ex parte" request, the declaration of plaintiff's counsel indicates that he "contacted defense counsel by phone and informed him that plaintiff was filing this motion." Dkt. 11-1 at 3. Thus, plaintiff is not requesting that the temporary restraining order be issued without notice, and the requirements of Federal Rule of Civil Procedure 65(b)(1) do not apply.

    This case arises out of a contractual dispute between plaintiff Terrance Moody ("plaintiff") and defendant Metal Supermarkets Franchising America, Inc. ("defendant"). In 2003, the parties entered into a franchising agreement for a term of ten years. Under the terms of the agreement, defendant has the option to purchase the assets of plaintiff's franchise at the end of the ten-year term, on November 14, 2013. Defendant has indicated its intent to exercise that purchase option, and the parties now disagree as to the proper formula to calculate the purchase price. Plaintiff filed suit in state court on October 7, 2013, seeking a declaration as to the purchase price of the franchise's assets. Defendant removed the case to this court on October 31, 2013. However, before filing the notice of

removal, defendant filed a demand for arbitration with the American Arbitration Association ("AAA") in Washington, D.C.  Plaintiff now seeks a temporary restraining order prohibiting defendant from proceeding with the arbitration, arguing that the relevant franchise agreement provides for disputes to be resolved in court, and further arguing that any arbitration provision in the agreement is unconscionable and unenforceable.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

Alternatively, the plaintiff may demonstrate that serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  A "serious question" is one on which the plaintiff has "a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S.Ct. at 376, 381.

In this case, the court finds that plaintiff has failed to adequately allege any irreparable harm that would result from the failure to issue a temporary restraining order, and thus DENIES plaintiff's request.  Plaintiff argues that, if the arbitration were to go forward, he would "be required to pay substantial amounts of money, thousands of dollars, to AAA in 'administrative fees' in Washington, D.C.," that he would be "required to pay tens

United States District Court
For the Northern District of California

of thousands of dollars to the arbitrator in the action," that he would be "required to retain Washington, D.C. counsel to defend the AAA arbitration, again amounting to tens of thousands of dollars," and that he would "be forced to incur significant travel and housing expenses to go to Washington, D.C. to defend himself."  Dkt. 11 at 7-8.  None of these alleged harms are irreparable – on the contrary, it is well-established that "monetary injury is not normally considered irreparable" because money can be replaced.  See, e.g., Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980).  Plaintiff also claims that he "has been notified by the AAA that his response to [defendant's] demand for arbitration is due Monday, November 4th," but that deadline passed before the filing of this request, so the court does not consider it.  Finally, plaintiff argues that "[t]here may be conflicting decisions between this court and the arbitrator in the AAA arbitration."  Id. at 8.  While plaintiff is correct about the possibility of conflicting decisions, any harm that would result from conflicting decisions would again be in the form of monetary loss.  If plaintiff is correct regarding the enforceability of the arbitration provision, he may seek damages for any harm incurred.  However, plaintiff has not demonstrated the irreparable harm needed to satisfy the Winter test, and thus his request for a temporary restraining order and for an order to show cause re: preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

3