UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE MOODY,

    Plaintiff,

    v.

METAL SUPERMARKET FRANCHISING AMERICA INC.,

    Defendant.
_____/

No. C 13-5098 PJH

**ORDER DENYING MOTION FOR ATTORNEYS' FEES, GRANTING MOTION TO COMPEL ARBITRATION**

Before the court are two motions: (1) defendant Metal Supermarkets Franchising America Inc's ("defendant") motion for attorneys' fees, and (2) defendant's motion to compel arbitration. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion for attorneys' fees and GRANTS defendant's motion to compel arbitration as follows.

A.    Motion for attorneys' fees

Defendant seeks attorneys' fees pursuant to California Civil Code § 1717, which states that "[i]n any action on a contract, where the contract specifically provides that attorneys' fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorneys' fees in addition to other costs."

Defendant argues that the franchising agreements between the parties do "specifically provide[] that attorneys' fees and costs" shall be awarded to the prevailing party, pointing to article 16.4 of the agreements, which state that:

> If we claim in any judicial or arbitration proceeding that you owe us or any of our affiliates money or that you have otherwise breached the agreement and we prevail on such claim(s), then we will be awarded our costs and expenses incurred in connection with such proceedings, including reasonable attorneys' fees. Alternatively, if you prevail on such claim(s), then you will be awarded your costs and expenses in connection with such proceeding(s), including reasonable attorneys' fees.

However, the court notes that neither party has claimed in this judicial proceeding that the other party owes money, or that the other party has breached the agreement. Instead, plaintiff's complaint asserts a single cause of action seeking declaratory relief as to the purchase price of the franchises' assets. Plaintiff's suit merely seeks clarification of the parties' rights and obligations under the relevant contracts, it does not allege that defendant owes him money or has otherwise breached the agreement – nor has defendant claimed that plaintiff owes it money or has otherwise breached the agreement.

After the complaint was filed, plaintiff also sought a temporary restraining order ("TRO") and a preliminary injunction preventing defendant from going forward with arbitration proceedings. In ruling on the preliminary injunction motion, the court noted that plaintiff had not yet asserted a cause of action seeking to enjoin the arbitration proceedings. However, rather than requiring plaintiff to re-file a complaint asserting such a claim, the court construed plaintiff's complaint as if it already asserted that claim, and went forward with the analysis of whether plaintiff had shown a likelihood of success on the merits. The court now notes that, even if plaintiff had properly asserted such a claim in his complaint, that cause of action still would not involve a claim that defendant owed him money or had otherwise breached the contract. Instead, plaintiff sought a ruling that the contract was unconscionable, and therefore unenforceable, in the first instance.

For these reasons, the court finds that article 16.4 of the agreements does not apply to this case, and thus DENIES defendant's motion for attorneys' fees. In his opposition brief, plaintiff requests his own award of fees, and that request is also DENIED.

B.  Motion to compel arbitration

Defendant also moves to compel arbitration, arguing that the court has already twice considered the merits of plaintiff's unconscionability argument – in connection with both the

1  TRO application and the preliminary injunction motion – and has found it lacking.  Plaintiff's
2  counsel filed a response to the motion which is peppered with attacks on the court, and the
3  court wishes to make counsel aware that his use of hyperbole and invective does not
4  advance his client's case.  The court does agree with plaintiff's counsel that "[a] party to
5  any action has the right to stand before a United States District Court and to tell the court
6  'You are wrong,'" and notes that Civil Local Rule 7-9 provides that exact right by allowing
7  parties to seek reconsideration of a court order.  However, plaintiff's counsel chose not to
8  seek leave under Local Rule 7-9, either after the court denied plaintiff's TRO application or
9  after it denied plaintiff's motion for preliminary injunction.

10  On the merits, the court notes that it has already considered and rejected plaintiff's
11 unconscionability argument and set forth its reasoning in its order denying plaintiff's motion
12 for preliminary injunction.  See Dkt. 44.  However, plaintiff maintains that the court has
13 ignored a case that is "directly on point" with the unconscionability argument advanced in
14 this case.  See Nyulassy v. Lockheed Martin Corp., 120 Cal.App.4th 1267 (2004).
15 Although Nyulassy was cited in plaintiff's motion for preliminary injunction (and reply), and
16 was considered by the court in denying that motion, the court will specifically address the
17 applicability of Nyulassy in this order.

18  Nyulassy involved an employment agreement where only the plaintiff, not the
19 defendant, was bound by an arbitration provision.  120 Cal.App.4th at 1282 ("The
20 employment agreement requires plaintiff only to arbitrate any and all of his employment
21 claims . . . any claims that defendant may have that arise out of plaintiff's employment are
22 not subject to the arbitration clause") (emphasis in original).  This alone prevents Nyulassy
23 from being "directly on point" with the present case, because in this case, both plaintiff and
24 defendant are bound by the agreements' arbitration provision.

25  The Nyulassy court found two more examples of substantive unconscionability –
26 both of which go far beyond any showing of substantive unconscionability in this case.
27 First, the Nyulassy plaintiff was required to "submit to discussions with his supervisors . . .
28 as a condition precedent to having his dispute resolved through binding arbitration."  120

Cal.App.4th at 1282. The court found that, combined with the unilateral arbitration provision, this requirement essentially gave defendant a "free peek" at plaintiff's case, giving it an advantage in any later arbitration proceeding. Id. at 1283. Second, the court found that plaintiff's claims were limited by a 180-day contractual statute of limitations, whereas the defendant was bound by no such time limitations. Id. The court concluded that "these three aspects of the mandatory employment arbitration agreement render it substantively unconscionable." Id.

The Nyulassy court's findings regarding procedural unconscionability are a closer fit to this case – plaintiff was represented by an attorney, and he was able to successfully negotiate other portions of the agreement. However, in finding that the arbitration agreement was unconscionable, the court emphasized that the "significant degree of substantive unconscionability" led to a lower requirement of procedural unconscionability, based on the sliding scale approach. 120 Cal.App.4th at 1286. Because any substantive unconscionability in this case does not approach the "significant" substantive unconscionability in Nyulassy, the court finds that Nyulassy is not on point with the facts of this case.

The remainder of plaintiff's cited cases similarly present arguments that were considered and rejected in connection with plaintiff's motion for preliminary injunction. Thus, the court finds that plaintiff's claims are subject to arbitration, and GRANTS defendant's motion to compel arbitration. The present case is stayed, pursuant to this court's April 7, 2014 order (Dkt. 50).

**IT IS SO ORDERED.**

Dated: May 15, 2014

PHYLLIS J. HAMILTON
United States District Judge

4